UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SAM ALBERT METELLUS,

              Plaintiff,                 **REPORT AND RECOMMENDATION**
                                         23-CV-6147 (DG)(LB)

        -against-

ANNE-MARIE JOLLY, GILBERT TAYLOR, and
KATERINA CANTARATOS,

              Defendants.
-----------------------------------------------------------------x
**BLOOM, United States Magistrate Judge:**

Plaintiff Sam Albert Metellus brings this *pro se* trademark infringement case against three Queens County Family Court Judges: the Honorable Katerina Contaratos, the Honorable Anne-Marie Jolly, and the Honorable Gilbert Taylor. For the following reasons, it is respectfully recommended under 28 U.S.C. § 636(b) that the action should be dismissed as frivolous and for lack of subject matter jurisdiction.

## BACKGROUND

The genesis of the case arises from a family court dispute, where Aren Eunice Boddie sought child support from Sam Alicio Metellus. Compl. ¶ 9. Plaintiff alleges that defendants issued income withholding orders to Consolidated Edison Company ("Con Ed"), plaintiff's employer, due to Boddie's paternity and child support action. Id. ¶ 10; see also Compl. Exh. A, Temporary Order of Support by Default, dated May 10, 2022 (requiring Sam Alicio Metellus to pay $500 weekly to Aren Eunice Boddie); see also Compl. Exh. B, Income Withholding Orders dated February 11, 2022 and April 30, 2022 (ordering Con Edison to withhold $450 per weekly pay period on February 11, 2022 and $300 per weekly pay period on April 30, 2022); see also Compl. Exh. C, Order of Support by Default, dated November 29, 2022 (ordering Sam Alicio Metellus to pay Aren Eunice Boddie an ongoing obligation of $500 weekly and $42,500 in

retroactive payments for child support obligations). The Honorable Katerina Contaratos signed the Family Court orders. Id. at 3, 13, 27.

Plaintiff then registered a "Service Mark" of his name with the New York State Department of State on March 13, 2023.[1] Compl. Exh. D. Plaintiff states that he is not "Sam Alicio Metellus" and that he does not believe Sam Alicio Metellus is a person. Compl. ¶ 12. However, plaintiff purports to "maintain[] exclusive rights to authorize and create any and all derivatives of 'Sam Albert Metellus' . . . includ[ing] 'Sam Alicio Metellus'" within the scope of his "registered servicemark." Id. ¶ 16. Plaintiff alleges that the family court judges used plaintiff's "servicemark" in family court proceedings when naming "Sam Albert Metellus" as part of a family court dispute. Id. ¶ 3.[2]

In the instant case, plaintiff seeks damages, as well as declaratory and injunctive relief related to his claim that defendants infringed his "servicemark," which he asserts is a violation of the U.S. Trademark Act, including sections 15 U.S.C. §§ 1114, 1116, 1118, and 1121–22.[3] Id. ¶ 1–2, 7, 29, 30.

---

[1] Plaintiff's Exhibit D is a Certificate of Service Mark Registration from the New York State Department of State for "Sam Albert Metellus," with a description of services as "banking and financial products." Compl. Exh. D at 30, ECF No. 1. Plaintiff does not allege that he registered any trademarks with the United States Patent and Trademark Office. See id.

[2] Plaintiff claims that he sent a "Notice of Trademark Infringement," "New York Servicemark Registration," "Assumed Name Certificate" and "Declaration of Trust of 'SAM ALBERT METELLUS REVOCABLE LIVING TRUST'" to defendants on April 27, 2023. Compl. at 3-4. Plaintiff claims: "[d]efendants severally and separately continue to infringe on Plaintiff's registered mark after being duly noticed of the mark's existence and being given sufficient time with which to adjust its actions against Plaintiff," and, "[t]o date, garnishments have not stopped, nor has any remedy to infringement been offered." Id. at 5.

Plaintiff also attaches a unilateral "Trademark License Agreement" purporting to give the Queens County Family Court a 100-year "license to use the following Trademark SAM ALBERT METELLUS." Id. at 35–36. Plaintiff's exhibits include other documents purporting to legally restrict or permit the usage of various permutations of plaintiff's name and a "Fee Schedule" purporting to assess fees for the use of some of plaintiff's personally identifying information, including his name and Social Security Number. Id. at 41–58.

[3] Plaintiff also references copyright law by citing 17 U.S.C. §§ 106(2), 501–02. Compl. ¶ 16, 30, ECF No. 1.

## PROCEDURAL HISTORY

Plaintiff commenced this fee-paid *pro se* action in the Southern District of New York on August 1, 2023, and named the following Queens County Family Court Judges as defendants: the Honorable Anne-Marie Jolly, the Honorable Gilbert Taylor, and the Honorable Katerina Contaratos. Id. Plaintiff seeks declaratory and injunctive relief for (1) willful and continued infringement upon a duly registered "servicemark," (2) slander, (3) libel, (4) failure to protect or act, and (5) "aggravated identity theft while threatening to incarcerate Plaintiff for non-payment of fines that he is not liable to." Id. ¶ 1. On August 15, 2023, this action was transferred to this Court pursuant to 28 U.S.C. § 1404(a). See ECF Order dated August 15, 2023.

In lieu of an answer, defendants filed a letter requesting a conference regarding their anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). See Defs. Ltr. Mot. ECF No. 9. Defendants identified five bases for dismissal of the complaint, including sovereign and judicial immunity, the Domestic-Relations Abstention Doctrine, the Rooker-Feldman Doctrine, and failure to state a claim for relief. See id. at 3–4. The Honorable Diane Gujarati ordered plaintiff to show cause as to why the complaint should not be dismissed on the basis of immunity. See ECF Order dated November 15, 2023. Plaintiff filed a response but did not address the immunity grounds. See Pl. Ltr. Opp. ECF No. 10; see also Order dated December 13, 2023. The Court afforded plaintiff a final opportunity to show cause why plaintiff's complaint should not be dismissed on the basis of immunity. See ECF Order dated December 13, 2023. Plaintiff responded, defendants replied, and plaintiff filed a sur-reply to defendant's opposition. See Pl. 2d. Ltr. Opp. ECF No.12; Def. Reply ECF No. 13; Pl. Reply ECF No. 14.

**STANDARD OF REVIEW**

A district court has the inherent authority to dismiss a case *sua sponte* if it determines that the action is frivolous or the court lacks jurisdiction over the matter. See Frein v. Pelosi, No. 22-1063, 2023 WL 2530453, at *2 (2d Cir. Mar. 16, 2023) (citing Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000)); Phillips, v. Long Island R.R. Co., No. 22-123, 2023 WL 2317231, at *1 (2d Cir. Mar. 2, 2023); Nwoye v. Obama, No. 22-1253, 2023 WL 382950, at *1 (2d Cir. Jan. 25, 2023); Catzin v. Thank You & Good Luck Corp., 899 F.3d 77, 82 (2d Cir. 2018). An action is frivolous as a matter of law when it is "based on an indisputably meritless legal theory," which can occur when "the claim lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 473 (2d Cir. 1998). An example of such frivolity is when "it is clear that the defendants are immune from suit." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

**DISCUSSION**

**1.  This Matter Must be Dismissed, as Defendants have Judicial Immunity**

It is well-settled that judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991); Forrester v. White, 484 U.S. 219, 225 (1988). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11, 13 (citations omitted). Judicial immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11–12.

The Federal Courts Improvement Act of 1996 extends judicial immunity to most actions seeking prospective injunctive relief. Specifically, it provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, Pub.L. No. 104–317, § 309(c), 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983); see e.g., Huminski v. Corsones, 396 F.3d 53, 74 (2d Cir. 2005) (where plaintiff could not recover against a state court judge when declaratory relief remained available).

Here, the only defendants named in the complaint are judges and any allegations stem from actions taken within their official capacities as judicial officers. See Compl. ECF No. 1. Defendant Contaratos is alleged to have signed orders in a case assigned to her docket. Id. The other defendants are named in their capacity as judges, but plaintiff fails to allege that they took specific actions. Id. These defendants are immune from suit for damages. Further, plaintiff has not alleged that a declaratory decree was violated or that declaratory relief was unavailable in state court, and thus judicial immunity also extends to his claims for injunctive relief. Accordingly, it is respectfully recommended that this action should be dismissed as frivolous under 28 U.S.C. § 636(b) as defendants are immune from suit.

### 2. Sovereign Immunity Bars Plaintiff's Claims

Even if defendants were not protected by judicial immunity, plaintiff's claims are also subject to dismissal under the doctrine of sovereign immunity. The Eleventh Amendment provides a State with sovereign immunity in federal courts and prohibits private citizens from suing a State unless Congress has abrogated that sovereign immunity or the State has consented to suit. U.S. CONST. AMEND. XI; Bd. of Trustees v. Garrett, 531 U.S. 356, 363 (2001). "Absent valid abrogation or express waiver of State sovereign immunity, the Eleventh Amendment bars

actions in federal courts asserted directly against a state and against state agencies that act as arms of the state." Harris v. New York State Educ. Dep't, 419 F. Supp. 2d 530, 533 (S.D.N.Y. 2006) (citing Regents of the Univ. of Calif. v. Doe, 519 U.S. 425–30 & n. 5 (1997)). "State immunity extends to state agencies and to state officers who act on behalf of the state." Burnette v. Carothers, 192 F.3d 52, 57 (2d Cir. 1999) (citing Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142–47 (1993)).

Plaintiff appears to assert claims against defendants in their official capacity. Plaintiff fails to show any abrogation of defendants' sovereign immunity.[4] It is plaintiff's burden to demonstrate that sovereign immunity has been waived, and in the absence of such a waiver, the court lacks jurisdiction. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Plaintiff attempts to find a waiver in asserting that Section 504 of the Rehabilitation Act provides a state's acceptance of federal funds, which constitutes a general waiver of state sovereign immunity. See Pl. Reply 1, ECF No. 12.

The Rehabilitation Act prohibits discrimination against individuals on the basis of disability and requires, as a condition of accepting federal funds, that a state agree to waive its sovereign immunity from suit in federal court for alleged discrimination in violation of Section 504 of the Rehabilitation Act. See Garcia v. S.U.N.Y. Health Sci. Ctr. of Brooklyn, 280 F.3d 98, 113 (2d Cir. 2001) (finding that New York had not knowingly waived its sovereign immunity from suit under Section 504 by accepting federal funds). This does not apply to plaintiff's claims

---

[4] As plaintiff asserts in ECF No. 12, the language in 15 U.S.C. § 1122(b) provides for actions against the states. However, the Supreme Court has held that Congress did not act pursuant to a valid grant of constitutional authority in including that language. Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 672–73 (1999) (holding that the Lanham Act's false-advertising provisions did not implicate property rights and thus Congress had no authority under the Fourteenth Amendment to abrogate states' sovereign immunity under the Act); Jackson v. St. of Conn. Dep't of Pub. Health, No. 15-CV-750 (CSH), 2016 WL 3460304, at *12 (D. Conn. June 20, 2016) (collecting cases finding that the Trademark Remedy Clarification Act did not validly abrogate the State's sovereign immunity).

here.

### 3. The Court Does Not Have Subject-Matter Jurisdiction

Finally, the Court does not have subject matter jurisdiction over plaintiff's claims related to his state-registered service mark. Plaintiff has not alleged that he holds any federally registered trademarks or copyrights that would be protected by federal laws, nor has he alleged that he has completed any of the prerequisites for bringing suit in federal district court pursuant to 15 U.S.C. § 1116(d)(2). See Pet Life, LLC v. KAS Pet, LLC, 690 F. Supp. 3d 41, 46 (E.D.N.Y. 2023) ("A party seeking preliminary injunctive relief must demonstrate: (1) irreparable harm absent injunctive relief; (2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor; and (3) that the public's interest weighs in favor of granting an injunction."); see also 1-800 Contacts, Inc. v. WhenU.Com, Inc., 414 F.3d 400, 406–07 (2d Cir. 2005) ("In order to prevail on a trademark infringement claim for registered trademarks, pursuant to 15 U.S.C. § 1114, or unregistered trademarks, pursuant to 15 U.S.C. § 1125(a)(1), a plaintiff must establish that (1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) 'in connection with the sale . . . or advertising of goods or services,' 15 U.S.C. § 1114(1)(a), (5), without the plaintiff's consent.").

Plaintiff cannot meet a *prima facie* case because he has not registered a federal trademark and defendants have not used the mark in commerce in connection with the sale or advertising of goods or services. The other provisions Plaintiff cites appear to have no connection to claims related to state-issued registrations or certificates. See 15 U.S.C. §§ 1114, 1118, 1121–22 (providing federal court jurisdiction over actions related to marks registered with the United States Patent and Trademark Office); 17 U.S.C. §§ 106, 501–02 (related to federally copyrighted

works); 28 U.S.C. § 1498 (providing jurisdiction over claims that the United States used or manufactured an invention covered by a federal patent without license of the owner).

Therefore, even if defendants were not protected by judicial immunity, plaintiff's complaint would still be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

It is respectfully recommended under 28 U.S.C. § 636(b) that this action should be dismissed as frivolous because the defendants are immune from suit. In the alternative, the action should be dismissed for lack of subject matter jurisdiction.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

**SO ORDERED.**

                                              _____/S/_____

                                              LOIS BLOOM
                                              United States Magistrate Judge

Dated:  August 5, 2024
          Brooklyn, New York